(C. D. 373)

AMERICAN MACHINE & METALS, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided August 19, 1940)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before BROWN and KEEFE, Judges

BROWN, Judge: This suit against the United States was brought at Chicago, Ill., to recover certain customs duties claimed to have been illegally exacted on the importation from England of articles desig-

nated on the invoice as Vickers Pyramid Hardness Testing Machines which were classified as optical testing machines and assessed with duty at 60 per centum ad valorem under paragraph 228 (a), Tariff Act of 1930.

The importer protested, claiming, among several other claims, that the merchandise was dutiable at 20 per centum ad valorem under either paragraph 353 or 372, Tariff Act of 1930, as modified by the Reciprocal Trade Agreement with Switzerland and the "most-favored-nation" clause in the treaties of 1815 and 1827 between the United States and Great Britain.

The competing paragraphs read as follows as to the relevant provisions:

Classified under:

PAR. 228 (a). * * * optical measuring or optical testing instruments, * * *; all the foregoing, finished or unfinished, 60 per centum ad valorem.

Claimed under:

PAR. 353. (As modified by the Trade Agreement with Switzerland, T. D. 48093, and the "most-favored-nation" clause in the treaties of 1815 and 1827 between the United States and Great Britain.)

Testing machines for determining the strength of materials or articles in tension, compression, torsion, or shear, having as an essential feature an electrical element or device, and parts thereof; any of the foregoing, finished or unfinished, wholly or in chief value of metal, and not specially provided for, 20 per centum ad valorem.

PAR. 372. (As modified by the Trade Agreement with Switzerland and the "most-favored-nation" clause in the treaties of 1815 and 1827 between the United States and Great Britain.)

Machines not specially provided for, finished or unfinished, for determining the strength of materials or articles in tension, compression, torsion, or shear, 20 per centum ad valorem.

At the trial, by the testimony of two competent witnesses, Alfred Sontag, chief engineer and sales manager of the American Machine & Metals, Inc., the plaintiff, and Phil C. Huntly, professor of mechanical engineering at the Armour Institute of Technology, the following facts were established:

Both witnesses were thoroughly familiar with the article in suit which is a machine for testing and measuring the hardness, tensile strength, and compression of various metals. The article is 4 feet 2 inches high, 2 feet 4 inches deep, and 2 feet wide, and weighs 520 pounds (the appearance of the article is shown by Exhibit 1, admitted in evidence, being a photograph of the article). The article is composed mainly of base metals; by means of the loading mechanism, controlled by an electrical transformer, which is essential to efficiency, inside the upright part (marked A), the load was determined, and there is a microscope part (marked B) which was attached to the article when imported: the article employs a diamond indenter of

definite shape (a small part of which is shown by Exhibit 2, admitted in evidence) which is pressed into the metal with a predetermined load and, at a predetermined rate of loading, the impression left by the indenter at a predetermined load being taken as a measurement for the hardness of the metal or for its tensile or compressive strength; the indenter is the tool that makes the impression in the metal and is composed of metal with a diamond inserted at the end; the size of the impression left by the indenter is accurately measured by the microscope attached to the article at time of importation and, although the measurement might be determined by other means, but not so accurately, the microscope as attached was considered an essential part of the contrivance as the microscope was an instrument of precision; that the microscope measured the width of the indenture, but did not do the testing which was the work done by the indenter.

It was stipulated between counsel that the article here was composed wholly or in chief value of base metal.

In the case of *Tinius Olsen Testing Machine Co.* v. *United States*, 72 Treas. Dec. 761, T. D. 49303, decided December 16, 1937, a somewhat similar device which was used for practically the same purposes as the article here involved was held to be an optical measuring or optical testing instrument under paragraph 228 (a).

The issue in the *Olsen* case, however, was different than in the case at bar, inasmuch as the claims in the *Olsen* case were under the much less specific provisions of paragraph 372 for "all other machines" and of paragraph 360 for "scientific and laboratory apparatus" than the provision of paragraph 228 (a), under which the device there under consideration was assessed, viz, for "optical measuring or optical testing instruments." Here, however, we have the claims under paragraphs 353 and 372 as they are modified by the trade agreement with Switzerland.

Both these paragraphs as so modified are far more specific than the provision of 228 (a) under which the article before us has been assessed.

Therefore, assuming that the article before us is an optical measuring or an optical testing instrument, it is also plainly a "testing machine for determining the strength of materials or articles in tension, compression, torsion, or shear, having as an essential feature an electrical element or device, * * * wholly or in chief value of metal" under the provision of paragraph 353, Tariff Act of 1930, as modified by the trade agreement with Switzerland. We so hold, thereby sustaining the plaintiff's claim for duty at 20 per centum ad valorem under paragraph 353, Tariff Act of 1930, as modified by the trade agreement with Switzerland and the "most-favored-nation" clause of the treaties between the United States and Great Britain of 1815 and 1827.

Judgment will issue accordingly.